UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie T. Murphy,   #165169, | ) C/A No. 3:11-2663-CMC-JRM |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Governor Nikki Haley; | ) for Partial Summary Dismissal |
| Atty General Alan Wilson; | ) |
| Prosecutor John P. Meadows; | ) |
| Sheriff McCatskill; | ) |
| Lt. Marvin Brown; | ) |
| David Thomley; | ) |
| Defendants. | ) |

Willie T. Murphy[1] (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff, who files this action *in forma pauperis* under 28 U.S.C. § 1915, is confined at the Columbia Correctional Institution in Lake City, Florida, Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed as to the following Defendants: Governor Nikki Haley; Atty General Alan Wilson; Prosecutor John P. Meadows; and Sheriff McCatskill. Service of the Complaint is directed for Defendants Lt. Marvin Brown and David Thomley in an order to be filed contemporaneously with this Report and Recommendation.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C.

---

[1] Documents submitted by Plaintiff also identify him as William Thomas Murphy. ECF No. 1-1, pages 11-13.

§ 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976).

Even under this less stringent standard, however, the undersigned finds and concludes that the *pro se* Complaint is still subject to summary dismissal as to Defendants Haley, Wilson, Meadows, and McCatskill. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

The Complaint indicates that Plaintiff was confined in the Kershaw County Detention Center from July 17, 1994, until August 1, 1995.[2] ECF No. 1, page 7. Plaintiff alleges that he was then illegally extradited to Florida by the Defendants, *id.* at 2, 4, and detained "on a S.C. hold/detainer by State of Florida from 8/1/95 - 12/1/96." *Id.* at 8. Plaintiff's South Carolina charges were subsequently dismissed, however, Plaintiff was not made aware of the dismissals until "Dec 2010–June 2011." ECF No. 1-1, page 2.

---

[2] Online records for Kershaw County, South Carolina, reflect three warrants issued for William Thomas Murphy in August of 1994 for kidnapping, assault and battery with intent to kill, and criminal sexual conduct. The charges were dismissed between August of 1995 and December of 1996. *See* http://publicindex.sccourts.org/kershaw/publicindex/PISeach.aspx (last visited December 8, 2011).

2

In addition to "procedural irregularities" associated with the extradition proceedings, Plaintiff complains that the entire extradition stemmed from an illegal and unreasonable search and seizure. *Id.* at 2, 4. Plaintiff claims that Defendant Lt. Marvin Brown and Defendant David Thomley, both employees of the Kershaw County Sheriff's Department, were responsible for the allegedly illegal search and seizure. *Id.* at 9-10. Plaintiff states that "Defendant Thomley signed and witnessed the falsified indictment whereas Officer Brown obtained and signed the falsified search warrant. *Id.* at 10. Plaintiff alleges that Defendant Brown also "obstructed the extradition proceedings." *Id.* at 13. Defendant Prosecutor John P. Meadows is named for conspiring with Defendants Thomley and Brown, *id.*, and for procuring a "defective" criminal indictment against Plaintiff. *Id.* at 17. Plaintiff further states that Defendant Meadows failed to "properly, train, supervise and discipline" Defendants Brown and Thomley." *Id.* at 23. Plaintiff claims that the "Atty General and Governor became an accessory to the crime after the fact" by witnessing and authorizing the extradition warrant. *Id.* at 13, 17. Plaintiff names Defendant Kershaw County Sheriff McCatskill in his supervisory capacity, *id.* at 9, and for "failing to secure the plaintiff's personal property." *Id.* at 18. Plaintiff seeks declaratory relief and monetary damages for the Defendants' actions.[3] *Id.* at 16, 19-22.

---

[3] The Complaint asks this Court "declare" that the Defendants have violated Plaintiff's federal constitutional rights. "Declaratory judgments, however, are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." *Johnson v. McCuskey*, 72 Fed. Appx. 475, 477 (7th Cir. 2003) (citing *Bontkowski v. Smith*, 305 F.3d 757, 761 (7th Cir.2002)). "Declaratory judgments are not meant simply to proclaim that one party is liable to another." *Id.* (citation omitted). Thus, to the extent Plaintiff seeks a declaration that the Defendants' past behavior constituted a violation of his rights, he is not entitled to such relief.

Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The claims against Defendant Lt. Marvin Brown and Defendant David Thomley, associated with the alleged violation of Plaintiff's extradition rights, withstand summary dismissal at this stage of review. *See Young v. Nickols*, 413 F.3d 416 (4th Cir. 2005). However, Plaintiff's claims against the remaining Defendants are subject to summary dismissal for failure to state a claim upon which relief can be granted.

    A.  Governor Nikki Haley

A Plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002). The Complaint provides no indication that Defendant Governor Nikki Haley acted personally in the

violation of Plaintiff's rights. Thus, any individual capacity claims against Defendant Haley are subject to summary dismissal.

Furthermore, Governor Haley is protected in her official capacity, by the Eleventh Amendment, which forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). State agencies and state officials share this immunity when they are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997). In addition, neither a State nor its officials acting in their official capacities are "persons" under § 1983. *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 70-71 (1989). As the Governor of South Carolina is not a "person" amenable to suit under § 1983, and is protected from a claim for damages by Eleventh Amendment immunity, Plaintiff's claim against Governor Haley in her official capacity must also fail.[4] Thus, Defendant Haley is entitled to summary dismissal from this case.

### B.   Attorney General Alan Wilson and Prosecutor John P. Meadows

Next, Plaintiff names two state prosecuting attorneys, Attorney General Alan Wilson and Prosecutor John P. Meadows for their respective roles in Plaintiff's extradition proceedings. ECF No. 1, pages 9, 22. Plaintiff also complains of actions taken by Defendant Meadows in the prosecution of Plaintiff's South Carolina criminal charges. However, prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond

---

[4] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984). However, the State of South Carolina has not consented to such actions. *See* S.C. Code Ann. § 15-78-20(e).

hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478 (1991). The Fourth Circuit Court of Appeals has also held that absolute immunity applies to protect prosecutors for their role in extradition proceedings. *Dababnah v. Keller-Burnside*, 208 F.3d 467, 471-72 (4th Cir. 2000)(collecting cases). Therefore, Plaintiff's claims against Defendants Wilson and Meadows, for prosecution of Plaintiff's state criminal charges and/or participation in Plaintiff's extradition proceedings, should be summarily dismissed.

Plaintiff additionally names Defendant Meadows "for his role as investigator, because he stepped outside of his prosecutorial functions." ECF No. 1, page 24. However, Plaintiff provides no factual allegations to support this bare assertion. Although the Court must liberally construe the *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). Thus, Plaintiff fails to state a cognizable § 1983 claim in regard to any investigative actions taken by Defendant Meadows.

Plaintiff further alleges that Defendant Meadows engaged in a conspiracy with Defendants Brown and Thomley. ECF No. 1, page 13. Under 42 U.S.C. § 1983 and § 1985, an alleged conspiracy must be pled and proved by concrete facts, not mere conclusory allegations. *Simmons v. Poe*, 47 F.3d 1370, 1376–77 (4th Cir.1995); *Buschi v. Kirven*, 775 F.2d 1240, 1248 (4th Cir.1985). In addition, the Supreme Court has held that, to establish a federal conspiracy claim under § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus". *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971);

*see also Trerice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985). The instant Complaint fails to demonstrate a conspiratorial agreement.  Nor does the Complaint allege that  Defendant Meadows came to any mutual understanding with any other named Defendant or acted "jointly in concert" to deprive Plaintiff of any constitutional right.  *See Hinkle v. City of Clarksburg, W.Va*, 81 F.3d 416, 421 (4th Cir. 1996);  *see also Ruttenberg v. Jones*, 283 F. Appx. 121, 132 (4th Cir. 2008).  Plaintiff also has not alleged to establish any discriminatory motive on the part of  Defendant Meadows.  Thus, Plaintiff's conspiracy allegations against Defendant Meadows must fail.  As Plaintiff fails to state a cognizable claim under § 1983 against Defendants Wilson and  Meadows, they are also entitled to summary dismissal from this action.

    C.   Sheriff McCatskill

Plaintiff alleges official, supervisory, and individual capacity claims against Defendant Sheriff McCatskill.  However, in South Carolina, a sheriff's department is an agency of the state, not a department under the control of the county.  *Gulledge v. Smart*, 691 F. Supp. 947, 954-55 (D.S.C. 1988)(discussing sheriff as agent and alter ego of state ), *aff'd*, 878 F.2d 379 (4th Cir. 1989); *Carroll v. Greenville County Sheriff's Dep't,* 871 F. Supp. 844, 846 (D.S.C. 1994)(suit against the sheriff's office is suit against the state), *see also Dean v. Barber*, 951 F.2d 1210, 1215  (11th Cir. 1992) (a county sheriff's department was not a proper defendant in a § 1983 action where state law did not allow it to be sued). As Defendant McCatskill is a state actor, a suit against him in federal court in his official capacity is barred by the Eleventh Amendment.  *See Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (finding sheriff to be immune because, in his official capacity, he is "an arm of the state"); *McConnell v. Adams*, 829 F.2d 1319, 1328- 29 (4th Cir. 1987); *Cone v. Nettles*, 417 S.E.2d 523, 524-25 (S.C. 1992).

Plaintiff's supervisory capacity claim against Defendant McCatskill is also without merit. A § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir.1999). However, supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, if certain criteria are established. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir.1994). A plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d at 221. "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions." *Shaw*, 13 F.3d at 799 (citing *Slakan v. Porter*, 737 F.2d 368, 373-74 (4th Cir. 1984)). "Ordinarily [a plaintiff] cannot satisfy this burden of proof by pointing to a single incident or isolated incidents." *Slakan,* 737 F.2d at 373. The instant Complaint alleges that Defendant McCatskill failed to properly supervise Defendants Brown and Thomley. ECF No. 1, pages 9, 23. However, Plaintiff does not allege that Defendant McCatskill was aware of any pervasive or unreasonable risk of constitutional injury to Plaintiff, or deliberately indifferent to any such risk.[5]

Finally, the Complaint alleges that Defendant McCatskill violated Plaintiff's constitutional rights via the loss "and/or theft of plaintiff's cash and other personal property." ECF No. 1, page 24. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any

---

[5] Plaintiff also asserts that Defendant Meadows had a duty to supervise Defendants Brown and Thomley. ECF No. 1, pages 9, 23. However, the Complaint clearly indicates that Defendants Brown and Thomley were employees of the Kershaw County Sheriff's Department. *Id.* at 9-10. Thus, there is no factual support for any claim against Defendant Meadows in a supervisory capacity.

person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, the Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir. 1995). Plaintiff blames the loss of his property, in part, on "faulty security at the impound." ECF No. 1, page 23. Thus, to the extent Plaintiff's claim sounds in negligence, he cannot bring it under § 1983. *See DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200-203 (1989) (section 1983 does not impose liability for violations of duties of care arising under state law).

Moreover, an *intentional* deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Mora v. City of Gaithersburg*, 519 F.3d 216, 230-31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition from the plaintiff); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals). In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 *et seq.*). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)). Thus, to the extent Plaintiff claims that Defendant McCatskill intentionally lost or confiscated Plaintiff's personal property and cash, his claim is subject to dismissal. As Plaintiff fails to state a

9

claim upon which relief may be granted as to Sheriff McCatskill, this Defendant should also be summarily dismissed from this case.

### Recommendation

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed *without* prejudice as to the following Defendants: Governor Nikki Haley, Atty General Alan Wilson, Prosecutor John P. Meadows, and Sheriff McCatskill. Process shall issue for service on Defendant Lt. Marvin Brown and Defendant David Thomley.

December 22, 2011  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).