IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Willie T. Murphy, | ) Case No.: 3:11-2663-CMC-SVH |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| Lt. Marvin Brown and David Thomley, | ) |
| Defendants. | ) |

Plaintiff, proceeding pro se, has alleged violations of his constitutional rights, which are construed as brought pursuant to 42 U.S.C. § 1983. Before the court are the following motions: (1) Plaintiff's Motion to Amend the Complaint [Entry #20]; (2) Plaintiff's Motion for Default Judgment [Entry #24]; (3) Plaintiff's Motion for Judgment and Costs [Entry #25]; (4) Defendants' Motion to Dismiss [Entry #27]; (5) Plaintiff's Motion for Summary Judgment [Entry #36]. All pretrial proceedings in this case were referred to the undersigned magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

I.  Factual and Procedural Background

Plaintiff was indicted in Kershaw County, South Carolina, in 1994 for kidnapping, assault and battery with intent to kill, and criminal sexual conduct. The only remaining defendants in this case are Kershaw County Sheriff's Department employees Lt. Marvin Brown ("Brown") and David Thomley ("Thomley") (collectively "Defendants"), whose

investigation into a potential kidnapping on July 17, 1994 led to Plaintiff's arrest. Plaintiff was detained at the Kershaw County Detention Center awaiting trial until August 1, 1995, when then-Assistant Solicitor John P. Meadors *nolle prossed* the indictments against Plaintiff with leave to refile. Plaintiff was then extradited to Florida on other criminal charges, and he was convicted and sentenced to life in prison on March 12, 1996. [See Petitioner's § 2254 Habeas Petition, *Murphy v. Lambdin,* C/A No. 1:05-cv-20442-PAS (S.D. Fla.), Entry #1 at 1]. Since February 11, 1997, Plaintiff has been involuntarily committed to a mental health institution, Columbia Correctional Institution, in Lake City, Florida. [Entry #1-1 at 2].

Plaintiff filed this action alleging he was illegally extradited to Florida and detained "on S.C. hold/detainer by State of Florida from 8/1/95 - 12/1/96." Id. at 2, 4, 8. The South Carolina charges were subsequently dismissed between August 1995 and December 1996. His complaint against Defendants appears to assert actions for abuse of process, illegal and unreasonable search and seizure, illegal extradition, and procedural irregularities in the illegal extradition that stem from the unreasonable search, all arising out of the actions giving rise to Plaintiff's incarceration in the Kershaw County Detention Center from July 17, 1994 through August 1, 1995.

II.  Discussion

    A.  Plaintiff's Motion to Amend the Complaint [Entry #20]

Rule 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party and that "leave shall be freely given when justice so

2

requires." Fed. R. Civ. P. 15(a). The courts have interpreted Rule 15(a) in accord with that spirit. *Justice v. Pennzoil Co.*, 598 F.2d 1339, 1354 (4th Cir. 1979); *Frankel v. Kurtz*, 239 F. Supp. 713, 716 (D.S.C. 1965); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1487 (3d. ed. 2005). A motion to amend should be denied only when it would be prejudicial, there has been bad faith, or the amendment would be futile. *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001). The undersigned recommends that the proposed amendments be granted in part and denied in part.

To the extent, Plaintiff's motion to amend seeks to correct the name of John P. Meadors (instead of Meadows) and include the full name of Sheriff Steve McCatskill, it is moot, as these defendants have been dismissed. [Entry #21]. Additionally, the undersigned recommends denying the remainder of the motion as futile. Specifically, the motion seeks to (1) substitute Governor David M. Beasley and Attorney General Charles M. Condon for John Doe; (2) attach exhibits in support of his claims which appear predominantly to be records related to his Kershaw County charges and Plaintiff's affidavit in support of his claims and regarding a purported DNA analysis that bears no relation to the matters contained in the complaint.

The requested amendments fail to comport with Fed. R. Civ. P. 8(a), and instead appear to be arguments as to admissibility and authenticity of evidence or are otherwise irrelevant to the claims in the complaint. Accordingly, it is recommended that these portions of the motion to amend should be denied as futile.

3

B.  Plaintiff's Motion for Default Judgment [Entry #24]

Plaintiff's motion for default judgment incorrectly notes January 12, 2012 as deadline for Defendants' time to answer or otherwise responsively plead. The summons reflect Defendant Brown was served on January 10, 2012, making his answer/responsive pleading due by January 31, 2012, and that Defendant Thomley was served on January 18, 2012, making his answer/responsive pleading due by February 8, 2012. [Entry #26]. Defendants timely filed their responsive pleading on January 27, 2012. [Entry #27]. Therefore, Plaintiff's motion for default judgment is without merit and should be denied.

C.  Plaintiff's Motion for Judgment and Costs [Entry #25]

Plaintiff's motion for judgment and costs is predicated upon his motion for default judgment, which is recommended be denied. Therefore, Plaintiff's motion for judgment and costs should be denied.

D.  Defendants' Motion to Dismiss [Entry #27]

On January 27, 2012, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12, alleging that Plaintiff's complaint is barred by the statute of limitations. [Entry #27]. For the reasons that follow, the undersigned agrees and recommends the court grant Defendants' motion to dismiss.

1.  Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). The Fourth Circuit has held that "[t]he raising of the statute of limitations as a bar to plaintiffs' cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed. R. Civ. P. 12(b)(6), if the time bar is apparent on the face of the complaint." *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005).

    2.    Analysis

For § 1983 claims, federal courts adopt the applicable state law statute of limitations for personal injury, which is three years pursuant to S.C. Code Ann. § 15-3-530. *Hamilton v. Middleton*, C/A no. 8:08-600-HFF, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003).

Plaintiff's complaint asserting a § 1983 claim is barred by the statute of limitations because it arose more than three years prior to his filing suit. In his complaint, Plaintiff appears to assert actions for abuse of process, illegal and unreasonable search and seizure, illegal extradition, and procedural irregularities in the illegal extradition that stem from the unreasonable search, all arising out of the actions giving rise to Plaintiff's incarceration in the Kershaw County Detention Center from July 17, 1994 through

5

August 1, 1995. The South Carolina charges were subsequently dismissed between August 1995 and December 1996. Plaintiff claims he was not made aware of the dismissals until "Dec 2010–June 2011." [Entry #1-1 at 2].

From the face of the complaint, Plaintiff acquired knowledge of existing facts sufficient to put him on notice more than three years prior to his filing suit that he may have had a claim for violation of his constitutional rights. The statute of limitations begins to run when a plaintiff knows or has reason to know of his injury. *Hoffman*, *supra*, 446 F. Supp. 2d at 459. Plaintiff knew of the alleged abuse of process, illegal and unreasonable search and seizure, illegal extradition, and procedural irregularities in the illegal extradition that stem from the allegedly unreasonable search from a date no later than August 1, 1995. Because he failed to file his complaint within the three-year statute of limitations and he has not demonstrated any basis for equitable tolling, Plaintiff's complaint should be dismissed as time-barred.

E.  Plaintiff's Motion for Summary Judgment [Entry #36]

Plaintiff filed a motion for summary judgment pursuant to Rule 56, Fed. R. Civ. P., alleging defendants "obstructed an official investigation and allegedly conspired with the S.C. Attorney General and the S.C. Governor to alter, deface, destroy, or otherwise falsify documents in this case." [Entry #36 at 2]. Plaintiff claims "this is a case of willful and intentional destruction of evidence rather than dilatory discovery production" and avers he "is unable to use police impound officers' in-court testimonies as a result of willful malicious destruction of S.C. case files and reports by S.C. Defendants." *Id.* at 4.

Plaintiff also states that "there are allegations in Plaintiff's Complaint linking Defendants to the willful destruction of case files and the misuse of the evidence by supervisory Defendants who personally participated in the incident," *id.* at 5, and that Florida law enforcement officers participated in the alleged cover-up and that these actions justify the grant of summary judgment. *Id.* at 6-7.

Plaintiff's motion for summary judgment fails to demonstrate that his claims against Defendants have any merit, much less that there are no material facts are in dispute such that he is entitled to judgment as a matter of law. Because the motion contains mere allegations or denials of his pleadings, Plaintiff has failed to meet his burden of proof and it is recommended that his motion for summary judgment be denied.

III. Conclusion

For the foregoing reasons, it is recommended that the court: (1) moot in part and deny in part Plaintiff's Motion to Amend the Complaint [Entry #20]; (2) deny Plaintiff's Motion for Default Judgment [Entry #24]; (3) deny Plaintiff's Motion for Judgment and Costs [Entry #25]; (4) grant Defendant's Motion to Dismiss [Entry #27]; and (5) deny Plaintiff's Motion for Summary Judgment [Entry #36].

IT IS SO RECOMMENDED.

April 18, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).