IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Willie T. Murphy, ) | C/A NO. 3:11-2663-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Lt. Marvin Brown and David Thomley, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On April 18, 2012, the Magistrate Judge issued a Report recommending that Plaintiff's motions to amend (ECF No. 20), for Default Judgment (ECF No. 24), for Judgment and Costs (ECF No. 25) and for Summary Judgment (ECF No. 36) be denied and Defendants' motion to dismiss (ECF No. 27) be granted as this matter is untimely. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on May 9, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

1

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court adopts the Report by reference in this order.

Plaintiff first seeks to revisit the dismissal of Defendant Steve McCatskill [sic] from this action.[1] *See* Obj. at 2, 3 (ECF No. 44). However, for the reasons stated in the court's Order of January 10, 2012, the dismissal of McCatskill [sic] was proper.[2] Therefore, construed as a motion for reconsideration, Plaintiff's motion to reinstate Defendant McCatskill [sic] is denied.

Plaintiff's other objections fail to overcome the deficiencies of his complaint, namely, that it is untimely. Plaintiff argues, *inter alia*, that the Magistrate Judge erred in citing his petition for writ of habeas corpus under 28 U.S.C. § 2254 (which was filed in the Southern District of Florida); that the Report "discriminate[s]" against him, Obj. at 5; that the Report "neglect[s] to rule on the merits of the allegations," *id.*; that he was not aware of the dismissal of the State of South Carolina charges until he received material from the Kershaw County Clerk of Court in 2010. However, "a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995). Plaintiff's causes of action relating to purported unconstitutional search and seizure, alleged abuse of process, alleged illegal extradition and other

---

[1]Plaintiff initially named additional Defendants in this matter, who were dismissed on January 10, 2012. *See* Order (ECF No. 21).

[2]This Defendant is correctly identified as former Sheriff Steven McCaskill.

2

alleged procedural irregularities relating to his extradition from South Carolina to Florida all accrued when the alleged wrongful acts occurred, that is, in 1995. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Even assuming Plaintiff did not discover that the South Carolina charges had been dismissed until some years later, this discovery is irrelevant to the accrual of Plaintiff's causes of action, the basis for which occurred in 1994 (alleged unconstitutional search and seizure) and 1995 (when he was extradited to Florida). Therefore, Plaintiff's objections are without merit.

Plaintiff's motions to amend (ECF No. 20), for Default Judgment (ECF No. 24), for Judgment and Costs (ECF No. 25) and for Summary Judgment (ECF No. 36) are **denied**. Defendants' motion to dismiss (ECF No. 27) is **granted** and this matter is dismissed as untimely filed.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 16, 2012